UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
DEC 11 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Latonya M. Bradley, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 12 1980 |
| | ) |
| Joluit Castillio, *et al.*, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION

This matter is before the Court on its review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff, a District of Columbia resident, sues three individuals in the District. She seeks $1 million in damages but has not stated any facts that implicate the named defendants in any

1



wrongdoing. In any event, the parties' location in the District defeats a basis for diversity jurisdiction, and plaintiff's mere mention of "constitutional tort" and "discrimination," Compl. at 1, does not present a federal question. A separate Order of dismissal accompanies this Memorandum Opinion.

_____
United States District Judge

Date: November 28, 2012